**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **LAURA C. MOORE and** | ) | |
| **MELANIE L. ARNOLD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **NO. _____** |
| **ALLEN & BRIGHT, P.C., and** | ) | |
| **LISA E. ALLEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT</u>

COME NOW the Plaintiffs Laura C. Moore ("Moore" or "Plaintiff") and Melanie L. Arnold ("Arnold" or "Plaintiff") (collectively "Plaintiffs"), by and through undersigned counsel, and file this Complaint showing the Court as follows:

1.

Plaintiffs bring this lawsuit against Defendants Allen & Bright, Inc. ("A&B") and A&B's corporate officer, Lisa E. Allen ("Allen") (collectively "Defendants"), to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq</u>.

**Parties**

2.

Plaintiff Moore worked for A&B within this judicial district as a bookkeeper beginning in or about October 8, 2009, and continuing until her employment ended in or about July 21, 2011 (Moore's "relevant period").

3.

Plaintiff Arnold worked for A&B within this judicial district as an administrative assistant as of the date three years preceding the filing date of this Complaint and continuing until her employment ended in or about November, 2011 (Arnold's "relevant period").

4.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, A&B is a Georgia corporation and may be served with process through its registered agent and Chief Executive Officer, Lisa E. Allen, 5041 Dallas Hwy, Ste. 610, Powder Springs, GA 30127 (Cobb County), located within this judicial district.

5.

Defendant Allen may be served with process, both as an individual defendant and as a managing agent and registered agent of A&B, at A&B's

principal office at 5041 Dallas Hwy, Ste. 610, Powder Springs, GA 30127(Cobb County), located within this judicial district.

## Jurisdiction and Venue

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

A&B employed Plaintiffs (and employs others) in this judicial district, is registered to transact business in the State of Georgia, and has as its principal office address 5041 Dallas Hwy, Ste. 610, Powder Springs, GA 30127, as reported in its 2011 annual registration with the Georgia Secretary of State.

8.

Plaintiffs were "employees" during their employment with A&B as defined by the FLSA and were entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

9.

A&B is an "employer" as defined by the FLSA.

10.

During the relevant period, Allen: (i) was an owner and principal of A&B, (ii) was the President and/or Chief Executive Officer of A&B, (iii) was a person acting directly or indirectly in the interest of A&B in relation to Plaintiffs, (iv) had the power to hire and fire Plaintiffs, supervise and control Plaintiffs' work schedules or conditions of employment, determine Plaintiffs' rate and method of pay, and maintain Plaintiffs' employment records, (v) was responsible for payment of Plaintiffs' wages, and (vi) was a corporate officer with operational control of the corporation's covered enterprise, and may therefore be held liable in her individual capacity as an "employer" for A&B's failure to pay overtime compensation to Plaintiffs in violation of § 207 of the FLSA.

11.

Plaintiffs were engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during their employment with A&B during the relevant period.

12.

Plaintiffs directly engaged in work involving or related to the movement of persons or things among the several States or between any State and any place outside thereof on a regular and recurring basis while working for A&B, which

-4-

was itself an instrumentality of interstate commerce, and/or by regularly using the instrumentalities of interstate commerce in their work.

13.

Plaintiffs on a regular and recurring basis engaged in communications with A&B's clients located outside of the State of Georgia by use of the interstate mails, email communications over the internet, telephone or similar instrumentalities for communication across State lines.

14.

Plaintiff Moore was employed by A&B to work on a regular and recurring basis in the channels of interstate commerce and in activities so closely related to such commerce as to be considered part of such commerce, including without limitation by working on the production of goods such as tax returns or tax return-related documents and other accounting-related documents which were transmitted or otherwise communicated to clients outside of the State of Georgia using the instrumentalities of commerce.

15.

Plaintiff Arnold was employed by A&B to work on a regular and recurring basis in the channels of interstate commerce and in activities so closely related to such commerce as to be considered part of such commerce, including without

limitation by communicating directly with A&B's clients outside of the State of Georgia using the instrumentalities of commerce, receiving and processing mail from clients, vendors/suppliers, and others outside of the State of Georgia for A&B, receiving and processing payments received from clients outside of the State of Georgia via the mail or telephone for A&B including processing mailed checks and credit card payments, and by communicating with and assisting with or otherwise engaging in commercial transactions with vendors/suppliers outside of the State of Georgia for A&B.

16.

Plaintiffs were covered by the maximum hours provisions of the FLSA throughout their employment with A&B as employees "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

## Facts Related To All Counts

17.

A&B paid Plaintiffs by the hour for their hours worked throughout the relevant period.

18.

In addition to their hourly pay, A&B promised Plaintiffs that they were eligible to receive bonuses in recognition of services rendered, including but not limited to at or around the conclusion of tax season.

19.

Based on their job duties and hourly compensation, Plaintiffs were hourly paid non-exempt employees under the FLSA.

20.

On numerous occasions during the relevant period, A&B suffered or permitted Plaintiffs to work more than 40 hours in a work week without receiving overtime compensation at the rate of time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., their regular rate inclusive of hourly rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

21.

As an illustrative but non-exhaustive example, according to a payroll record in Plaintiff Moore's possession, when Plaintiff Moore worked 41.25 hours for the period having a pay date of December 11, 2009, A&B paid Plaintiff Moore at only her straight non-overtime hourly rate for that pay period of $16.00 for all 41.25

hours worked, resulting in gross wages paid December 11, 2009 in the amount of $660.00, without payment of any additional premium for overtime hours worked.

22.

Plaintiff Moore complained to management at A&B, including both verbal and written demands to Defendant Allen, regarding non-payment of additional compensation for hours worked over 40 in a work week in violation of the law, but A&B nonetheless failed to pay Plaintiffs the overtime compensation required by the FLSA.

23.

Plaintiff Arnold complained to accountants employed by A&B regarding non-payment of additional compensation for hours worked over 40 in a work week in violation of the law, but A&B nonetheless failed to pay Plaintiffs the overtime compensation required by the FLSA.

24.

Despite being aware of or having shown reckless indifference to the fact that the maximum hours provisions of the FLSA applied to Plaintiffs and required payment of overtime compensation to Plaintiffs at time-and-a-half their regular rate for all hours worked over 40 in a work week, and despite having received Plaintiffs' complaints within the relevant period regarding failure to pay overtime

compensation for hours worked, A&B violated the FLSA by not paying Plaintiffs overtime compensation at the rate of time-and-a-half their regular rate for all hours worked over 40 in a work week, and by not paying liquidated damages for overtime not timely paid in each paycheck for the applicable pay period.

25.

Upon information and belief, A&B has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## **Count 1: FLSA**

26.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

27.

A&B failed to pay Plaintiffs the overtime compensation owed to them under, and in the manner required by, the FLSA for all of their hours worked over 40 in a work week during the relevant period.

28.

A&B's violations of the FLSA as alleged herein were willful.

29.

Defendants are jointly and severally liable for the FLSA violations alleged herein, and Plaintiffs are therefore entitled to recover from Defendants jointly and severally their back overtime pay at the rate of time-and-a-half their applicable regular rates for all hours worked over 40 in a work week, in addition to an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full, in addition to their attorney's fees and costs, pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

1.     Order Defendants, jointly and severally, to pay Plaintiffs their back overtime pay at time-and-a-half their applicable regular rates for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full;

2.     Order Defendants, jointly and severally, to pay Plaintiffs their costs and attorney's fees; and

4.    Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted this 9th day of December, 2011.

*s/ C. Andrew Head*
Georgia Bar No. 341472
Attorneys for Plaintiffs
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com