## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made by and between Plaintiffs Laura C. Moore ("Moore," a "Plaintiff") and Melanie L. Arnold ("Arnold," a "Plaintiff") (collectively "Plaintiffs"), and Defendants Allen & Bright, P.C. (the "Company," a "Defendant") and Lisa E. Allen ("Allen," a "Defendant") (collectively "Defendants"). Plaintiffs and Defendants shall be referred to collectively herein as the "Parties" and individually as a "Party."

## RECITALS

WHEREAS, Plaintiffs filed a civil action against Defendants in a case styled *Laura C. Moore and Melanie L. Arnold v. Allen & Bright, P.C. and Lisa E. Allen*, 1:11-CV-04296-MHS ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia,

WHEREAS, Defendants deny any violations of law and deny any liability to Plaintiffs, but wish to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1.     Consideration.** Defendants agree to make the following payments and provide the following consideration to Plaintiffs:

      a.     <u>Payments to Moore</u>: Defendants agree to pay the total sum of Twelve Thousand Seven Hundred Fifty Dollars ($12,750.00) to Moore, exclusive of attorney's fees and costs, within seven (7) days of the Court's order approving settlement. This $12,750.00 settlement amount will be paid by separate checks and apportioned as follows:

      (a) $3,169.97 for FLSA overtime wages to be reported as a W-2 payment;
      (b) $3,169.97 for FLSA liquidated damages to be reported in Box #3 on IRS Form 1099-MISC;
      (c) $6,410.06 for settlement of Moore's disputed claim for retaliation damages to be reported in box #3 on IRS Form 1099-MISC;

      b.     <u>Payments to Arnold</u>: Defendants agree to pay the total sum of Eleven Thousand Dollars ($11,000.00) to Arnold, exclusive of attorney's fees and costs, within seven (7) days of the Court's order approving settlement. This $11,000.00 settlement amount will be paid by separate checks and apportioned as follows:

     (a) $2,033.20 for FLSA overtime wages to be reported as a W-2 payment;
     (b) $2,033.20 for FLSA liquidated damages to be reported in Box #3 on IRS Form 1099-MISC;
     (c) $6,933.60 for settlement of Arnold's disputed claim for retaliation damages to be reported in box #3 on IRS Form 1099-MISC;

     c.    <u>Additional Consideration to Arnold</u>: In addition, Defendants have negotiated for Arnold's benefit the following debt forgiveness arrangement with Arnold's former family law attorney, Jon P. Spetalnick and his law firm, Jon P. Spetalnick, Attorney at Law, LLC (collectively "Spetalnick"). Spetalnick agrees to accept payment from Arnold by a check from Fried & Bonder, LLC ("Plaintiffs' Counsel") in the amount of Nine Thousand Dollars ($9,000.00) (the "settlement payment"), to be paid within seven (7) days after receipt of Defendants' payments above, as payment in full satisfaction of any and all indebtedness by Arnold to Spetalnick. Spetalnick agrees to write off all of Arnold's outstanding debt in excess of (i) this $9,000.00 settlement payment and (ii) monies tendered to and received by the Registry of the Magistrate Court as of 4:30 p.m. on April 25, 2012. If any amount is received into the Registry of the Magistrate Court by garnishment or otherwise between 4:30 p.m. on April 25, 2012, and the settlement payment ("amounts to be refunded"), Spetalnick agrees to refund Arnold (care of Plaintiffs' Counsel) dollar for dollar for such amounts to be refunded, not including funds in the amount of $133.85 and $467.08 which had been returned by the Magistrate Court to Garnishee Wells Fargo to be re-submitted (which sums are nonetheless the property of Spetalnick as "monies tendered to and received by the Registry of the Magistrate Court as of 4:30 p.m. on April 25, 2012"), within seven (7) days of receipt of the $9,000.00 settlement payment above for any such amounts to be refunded that were received by Spetalnick as of the $9,000.00 settlement payment date, and within seven (7) days of receipt of any subsequently received amounts for all other amounts to be refunded. Spetalnick agrees to file withdrawal of all Arnold garnishments (or other execution proceedings) upon receipt of the $9,000.00 settlement payment above. Spetalnick agrees to be a signatory to this Agreement as to his obligations under this paragraph 1(c) only. Spetalnick will provide Arnold (care of Plaintiffs' Counsel) with a signed Satisfaction of Judgment upon receipt of this payment; and

     d.    <u>Payments to Plaintiffs' Counsel for Attorney's Fees and Costs</u>: Defendants will pay an additional Twenty-Six Thousand Dollars ($26,000.00) to Plaintiffs' Counsel for Plaintiffs' fees and costs. This amount will be payable in three installments, the first of which ($8,666.67) will be due within seven (7) days after approval of this Agreement by the Court, the second of which ($8,666.67) will be due sixty (60) days thereafter, and the third of which ($8,666.66) will be due within (60) days of the second payment. Upon each installment, Defendants will deliver to Plaintiffs' Counsel a check payable to "Fried & Bonder, LLC," to be reported in box #14 on IRS Form 1099-MISC.

     The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2. **Court Approval and Dismissal of Lawsuit.** By executing this Agreement, the parties agree to file this Agreement in the Lawsuit for Court approval by no later than May 11, 2012. The parties agree to file mutual dismissals with prejudice of all claims in the Lawsuit upon settlement approval and after Defendants' payment in full under Section 1. The parties will request that the Court administratively close this case upon settlement approval.

3. **Full and Complete Mutual Release.** In consideration for this Agreement, Plaintiffs hereby settle, waive, release and discharge all claims whatsoever against Defendants with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiffs may have or may have had as of the date this Agreement is duly executed which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a.    arising from Plaintiffs' employment with the Company;

    b.    relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

Likewise, in consideration for this Agreement, Defendants hereby settle, waive, release and discharge all claims whatsoever against Plaintiffs with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Defendants may have or may have had as of the date this Agreement is duly executed which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a.    arising from Plaintiffs' employment with the Company;

    b.    relating to any wages, pay, overtime, compensation, attorneys' fees, interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

4. **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by all parties. This Agreement constitutes a single, integrated written agreement containing the entire understanding between the parties regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

5. **Non-Admission.** This Agreement does not constitute an admission by any Party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

6. **Mutual Non-Disparagement.** Plaintiffs agree not to disparage Defendants, and Defendants agree not to disparage Plaintiffs. In the event that a Party believes that this provision has been violated, the Party must provide the allegedly breaching Party with ten (10) days prior written notice of the alleged violation and opportunity to reasonably cure or refute the alleged violation by an objective person standard prior to filing any action alleging breach of this mutual non-disparagement provision.

7. **References And Inquiries.** Defendants agree to require all Company employees to direct any and all inquiries (employment reference checks or otherwise) exclusively to Allen. Allen will provide only the following information: (i) "It is company policy to provide only dates of employment and rate of pay," or words limited to that same material effect; (ii) "[Plaintiff's] dates of employment were from [start date] to [end date], and her rate of pay upon separation from employment was $[rate of pay]," or words limited to that same material effect; and (iii) if asked about eligibility for rehire, Defendants will respond by stating "it is company policy to provide only dates of employment and rates of pay, and we do not respond to inquiries regarding eligibility for rehire," or words limited to that same material effect.

8. **When Agreement Becomes Effective; Counterparts; Signatures.** This Agreement shall become effective only on approval by the Court upon its execution by the Parties. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signature of this Agreement delivered by facsimile or via emailing a .pdf scanned copy of signature shall be deemed effective as if executed in original.

9. **Acknowledgment/Warranty.** By signing this Agreement, each Party acknowledges and warrants that:

   a. The Party has carefully read and fully understands every provision of this Agreement, including, without limitation, the mutual release of all claims listed in paragraph 3 above;

   b. The Party has been represented by counsel at all times during the Litigation and throughout negotiation of this settlement and had the opportunity to consult with counsel before signing this Agreement;

   c. The Party accepts this Agreement knowingly and voluntarily;

   d. The Party is fully authorized to execute this Agreement and has not assigned, transferred or pledged all or any portion of the claims hereby released; and

   e. The Parties separately negotiated Plaintiffs' damages from attorney's fees and costs, and did not negotiate the amount of fees and costs to be paid by Defendants under paragraph 1(d) until after the Parties settled the amount of payments and consideration to be provided to Plaintiffs under paragraphs 1(a)-(c).

PARTIES:

PLAINTIFFS:

*Laura C Moore*  5/11/12
Laura C. Moore                Date

*Melanie L. Arnold*  5/11/12
Melanie L. Arnold             Date

Approved as to form by counsel to Plaintiffs:

*C. Andrew Head*  5/11/12
C. Andrew Head                Date

DEFENDANTS:

Allen & Bright, P.C.

_____
By: Lisa E. Allen, CEO         Date

_____
Lisa E. Allen, Individually    Date

Approved as to form by counsel to Defendants:

_____
A. McArthur Irvin              Date

_____
Robert N. Dokson               Date

SPETALNICK (AS TO PARAGRAPH 1(C) ONLY):

Jon P. Spetalnick, Attorneys at Law, LLC

_____
By: Jon P. Spetalnick, Owner   Date

_____
Jon P. Spetalnick, Individually   Date

5

PARTIES:

PLAINTIFFS:

_____   _____
Laura C. Moore                    Date

_____   _____
Melanie L. Arnold                 Date

Approved as to form by counsel to Plaintiffs:

_____   _____
C. Andrew Head                    Date

DEFENDANTS:

Allen & Bright, P.C.

*Lisa E. Allen*                   5-11-2012
By: Lisa E. Allen, CEO            Date

*Lisa E. Allen*                   5-11-2012
Lisa E. Allen, Individually       Date

Approved as to form by counsel to Defendants:

*A. McArthur Irvin*               5/11/12
A. McArthur Irvin                 Date

_____   _____
Robert N. Dokson                  Date

**SPETALNICK (AS TO PARAGRAPH 1(C) ONLY):**

Jon P. Spetalnick, Attorneys at Law, LLC

_____   _____
By: Jon P. Spetalnick, Owner      Date

_____   _____
Jon P. Spetalnick, Individually   Date

**PARTIES:**

PLAINTIFFS:

_____   _____
Laura C. Moore                       Date

_____   _____
Melanie L. Arnold                    Date

Approved as to form by counsel to Plaintiffs:

_____   _____
C. Andrew Head                       Date

DEFENDANTS:

Allen & Bright, P.C.

_____   _____
By: Lisa E. Allen, CEO               Date

_____   _____
Lisa E. Allen, Individually          Date

Approved as to form by counsel to Defendants:

_____   _____
A. McArthur Irvin                    Date

_____   _____
Robert N. Dokson                     Date

**SPETALNICK (AS TO PARAGRAPH 1(C) ONLY):**

Jon P. Spetalnick, Attorneys at Law, LLC

_____   5/11/2012
By: Jon P. Spetalnick, Owner         Date

_____   5/11/2012
Jon P. Spetalnick, Individually      Date

5